UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL JAMES KEITZ,

          Plaintiff,

     v.

CORRECTIONAL OFFICER K. HACKETT,
et al.,

          Defendants.

_____

REPORT & RECOMMENDATION

15-CV-6185CJS

## PRELIMINARY STATEMENT

Plaintiff Michael James Keitz ("Keitz") initiated this action on April 2, 2015, asserting constitutional violations pursuant to 42 U.S.C. § 1983.  (Docket ## 1, 9).  By Order of Hon. Charles J. Siragusa, United States District Judge, dated August 27, 2015, all pretrial matters in the above captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 11).  Currently before the Court is an Order to Show Cause why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  (Docket # 15).

On September 24, 2015, this Court scheduled a Rule 16 scheduling conference to be held on October 15, 2015, at 10:00 a.m.  (*See* 9/24/15 Notice).  When the Court scheduled the conference, it was aware through the NYSDOCCS website that plaintiff had been released from Franklin Correctional Facility ("Franklin") and had been released on parole supervision.  At the request of this Court, counsel for defendants contacted Franklin IRC Carol A. Roberts to obtain

Keitz's release address. By email dated September 24, 2015, both this Court and counsel for defendants were advised by Ms. Roberts that Keitz's release address was America's Best Value Inn, 6037 Route 96, Farmington, New York 14425. The Court sent the September 24, 2015 Notice to that address. On October 15, 2015, Assistant Attorney General J. Richard Benitez, counsel for defendants, appeared for the conference, and plaintiff did not appear. (Docket # 13). On October 16, 2015, this Court issued an Order rescheduling the conference to December 1, 2015, at 10:00 a.m. (Docket # 12). The Order further advised Keitz that "should plaintiff fail to appear for the December 1, 2015 scheduling conference, this Court will issue an Order to Show Cause why the case should not be dismissed." (*Id.*). On November 18, 2015, this Court's September 24, 2015 Notice sent to Keitz was returned as undeliverable, "Attempted - Not Known." On December 1, 2015, Mr. Benitez appeared for the conference, and Keitz again did not appear. (Docket # 14). On December 18, 2015, this Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. (Docket # 15). On January 5, 2016, the Order to Show Cause was returned to the Court as undeliverable, "Attempted - Not Known Unable to Forward." Keitz has not advised the Court of any change in his address.

The Order to Show Cause directed Keitz to respond by January 15, 2016. (*Id.*). Keitz has not responded and has not provided the Court with notice of his current address. It is therefore this Court's recommendation that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b).

**DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the dismissal of an action for failure to prosecute, providing in relevant part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statue but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993); *Taub v. Hale*, 355 F.2d 201, 202 (2d Cir.), *cert. denied*, 384 U.S. 1007 (1966). In addition, the Local Rules of Civil Procedure for the United States District Court for the Western District of New York provide that "[i]f a civil case has been pending for more than six months and is not in compliance with the directions of the . . . Magistrate Judge, . . . the Court shall issue a written order to the parties to show cause within thirty days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute." W.D.N.Y. Local Rule 41(b). Further, the Local Rules provide that "a *pro se* litigant must inform the Court immediately, in writing, of any change of address[;] [f]ailure to do so may result in dismissal of the case, with prejudice." W.D.N.Y. Local Rule 5.2(d).

3

Dismissal is warranted under Rule 41(b) where the record demonstrates a lack of due diligence by a plaintiff in the prosecution of his lawsuit. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, "prejudice resulting from unreasonable delay may be presumed as a matter of law." *Peart v. City of N.Y.*, 992 F.2d 458, 462 (2d Cir. 1993); *Charles Labs, Inc. v. Banner*, 79 F.R.D. 55, 57 (S.D.N.Y. 1978) ("[t]he operative condition on a Rule 41(b) motion is lack of due diligence on the part of the plaintiff, 'not a showing by defendant that it would be prejudiced'") (quoting *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir. 1956)). Dismissal is considered "a harsh remedy to be utilized only in extreme situations." *See Minnette v. Time Warner*, 997 F.2d at 1027 (internal quotations omitted). Nevertheless, applying these standards, courts frequently have found dismissal of a complaint justified when the plaintiff fails to take any specific or concrete actions over a substantial length of time. *See*, *e.g.*, *Fischer v. Dover Steamship Co.*, 218 F.2d 682, 683 (2d Cir. 1955) (plaintiff's failure to appear for deposition noticed seven months earlier, despite court order requiring his appearance, justified dismissal for failure to prosecute); *Myvett v. Rosato*, 2004 WL 1354254, *2 (S.D.N.Y. 2004) ("[t]hat nearly a year has elapsed since [plaintiff] took any steps to prosecute this case, such as responding to outstanding discovery requests, strongly counsels in favor of dismissal"); *West v. City of N.Y.*, 130 F.R.D. 522, 525-26 (S.D.N.Y. 1990) (plaintiff's inactivity for nineteen months warranted dismissal for failure to prosecute) (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) and other cases).

In the case at bar, Keitz has not communicated with the Court since July 2015 when he filed his Amended Complaint and returned the Acknowledgment of Service to the Court. (Docket ## 8, 9). Further, the Court issued an Order to Show Cause warning Keitz that

his failure to respond would result in a recommendation by this Court to dismiss the action. (Docket # 15).  The Order to Show Cause was returned to the Court as undeliverable, consistent with Keitz's failure to apprise the Court of his current address.

As several courts have noted, "[i]t is neither feasible nor legally required that the clerks of the district court undertake independently to maintain current addresses on all parties to pending actions." *Gomez-Ka'Dawid v. Wright*, 2013 WL 1103208, *1 (W.D.N.Y. 2013) (collecting cases).  "The Second Circuit has emphasized the importance of first giving the *pro se* litigant a direct warning that his case will be dismissed for failure to prosecute." *Id.* at *2.  In this case, the Court's Order to Show Cause explicitly warned Keitz of the possibility of dismissal.  That the Order to Show Cause was returned because Keitz failed to update his address cannot insulate Keitz from the consequences of his delinquency.  Additionally, "[f]urther attempts to notify [Keitz] would be futile as the Court has no means by which to contact [Keitz]." *See id.*  On this record, I find that Keitz's actions demonstrate the level of prosecutive delinquency justifying dismissal.

## CONCLUSION

For the foregoing reasons, it is the recommendation of this Court that the district court dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
       March 17, 2016

5

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(d) and Local Rule 72(b).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See e.g. Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to Plaintiff and the attorney for the Defendants.

**IT IS SO ORDERED.**

                                                    *s/Marian W. Payson*
                                                    MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
         March 17, 2016